TOWN OF KEARNEY, PROSECUTOR, v. THE STATE BOARD
OF TAXES AND ASSESSMENT ET AL., DEFENDANTS.

Argued June 8, 1926—Decided October 7, 1926.

Taxes and Assessment—Review of Reduction, by the State Board,
of an Assessment—Board Reduced Assessment Upon the
Recommendation of Its Own Expert, Ignoring the Testimony
of the Municipality's Experts, and Without Affording an
Opportunity to Municipality to Rebut or to Cross-Examine—
Held, That This is Not the Kind of Hearing That is Re-
quired in a Judicial Procedure.

On *certiorari*.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *John H. Cooper* and *Hobart & Minard.*

For the defendants, *Edward L. Katzenbach,* attorney-gen-
eral, and *John Milton.*

PER CURIAM.

The *certiorari* was allowed in this case to review a decision
of the state board of taxes and assessment reducing the valua-
tion of the property of the Congoleum Nairn Company,
made by the assessors of the town of Kearney, for the year
1925. The decision of the state board is attacked on the
ground, that it is not supported by any legal evidence and,
in support of that contention, the prosecutor cites the testi-
mony of the president of the board (at page 281 of the
record), viz.: "That the board felt justified to some extent
in ignoring the testimony of the experts on both sides, and
taking the judgment of its own trained appraiser." The
board adopted *in toto* an appraisal of $2,657,628 made by
Mr. Frank O'Connor, the clerk and field secretary of the board.
No opportunity was given the prosecutor to examine it,
rebut it, or cross-examine upon it before it was adopted as
the judgment of the state board. This is not the kind of

a hearing that is required in a judicial procedure. The hearing must be a real, not a sham, hearing; the parties have a right to support their allegations, if need be by proof, to determine whether there is need of proof the parties must know what they are to meet. *Long Dock Co.* v. *State Board,* 86 *N. J. L.* 592.

Such a procedure as is shown by this record, is not due process of law. *Trenton, &c., Traction Co.* v. *Mercer County Tax Board,* 92 *N. J. L.* 398, 402. The judgment to be sustained must be based upon evidence. *Gibbs* v. *State Board of Taxes and Assessment,* 3 *N. J. Adv. R.* 986.

For these reasons the judgment of the state board of taxes and assessment in this case is reversed and set aside.